RECEIVED
IN LAKE CHARLES, LA

MAY 24 2006

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| PHILLIP LYONS | : | DOCKET NO. 06-0621 |
| VS. | : | JUDGE TRIMBLE |
| CITY OF JENNINGS, ET AL | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING

Before the Court is a "Motion to Strike Punitive Damages" (doc. #9) filed by defendants, City of Jennings, Officer Nick Creader, in his official capacity as a police officer for the City of Jennings and Chief Merrion S. Taylor, individually and in his official capacity as Chief of Police of the City of Jennings, wherein the mover seeks to strike all punitive damage claims asserted against them. Plaintiff has filed no opposition to this motion.

## FACTUAL STATEMENT

In his Petition for Damages, Phillip Lyons makes the following allegations: On or about December 23, 2004, Lyons was arrested by the Jennings Police Department and subsequently locked in a cell with hostile inmates. Defendant, Officer Nick Creader, told the inmates that Lyons was a "narc." Suddenly and unexpectedly, an inmate severely beat Lyons in Officer Creader's presence. Officer Creader watched and did not attempt to stop the beating. Officer Creader did not aid Lyons or reprimand the hostile inmate. Lyons lay in his cot for several hours severely injured and pleading for medical attention. After six (6) hours, Officer Alicia Williams discovered Lyons and rushed him to Jennings American Legion Hospital's Emergency Room where he was diagnosed with a medial

blowout fracture to his right eye.

## LAW AND ANALYSIS

In his Petition, Lyons seeks punitive damages from all defendants. The United States Supreme Court unequivocally holds that a municipality is immune form punitive damages under 42 U.S.C. § 1983.[1] Accordingly, the City of Jennings is immune from punitive damages. Additionally, Chief Merrion S. Taylor and Officer Nick Creader were acting in the discharge of their official duties for the Jennings Police Department. Any suit against a state official in his or her official capacity is a suit not against the official, but against the official's office; as such, the suit is no different from one against the state itself.[2] Accordingly, Officers Taylor and Creader are immune from punitive damages.

It is well settled Louisiana law that punitive damages are not allowed in civil cases unless specifically provided for by statute. In the absence of such a specific statutory provision, only compensatory damages may be recovered.[3] Punitive damages under Louisiana law are not authorized in civil cases except in certain legislatively authorized instances.[4] Because there is no specific statutory provision for an award of punitive damages under the facts presented herein, plaintiff has no claim for punitive damages under Louisiana law.

---

[1] *City of Newport v. Fact Concerts, Inc.*, 101 S.Ct. 2748 (1981).

[2] 42 U.S.C.A § 1983; *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989).

[3] *International Harvester Credit Corp. v. Seale*, 518 So.2d 1039, 1041 (La.1988).

[4] *Vincent v. Morgan's Louisiana & T.R. & S.S. Co.*, 74 So. 541 (1917); *American Steel Building Co. v. Brezner*, 158 So.2d 623 (La.App. 3 Cir. 12/3/1963).

2

## CONCLUSION

Based on the foregoing, the motion to strike punitive damages will be granted.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 24th day of May, 2006.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE